STONER *et al.* v. WEISER.

Principal and agent: LIABILITY OF REAL ESTATE AGENT. Where an agent for the sale of certain real estate, by the concealment of facts in relation to the value of, and demand for, the lands, as well as by false statements relative thereto, procures a conveyance of the land to him by his principal. for a much less sum than they are worth, and while he is negotiating a sale thereof for a much larger amount to another person, the agent will be held liable for the difference between what he paid his principal and what he received from the purchaser, with such rate of interest on this difference as he received on deferred payments, from the purchaser, rather than for the difference between what he paid and what the land was actually worth.

Stoner v. Weiser.

*Appeal from Winnesheik District Court.*

MONDAY, MAY 11.

SUIT in equity by principals against their agent to recover the difference between the price paid them by him for certain lands, for the sale of which he was claimed to be their agent, and the value thereof. The District Court rendered judgment for the plaintiff for $1,600. Both parties appeal.

*L. Bullis* for the plaintiffs.

*G. R. Willett* for the defendant.

COLE, J. — The evidence in this case establishes the fact, that the defendant was the agent of the plaintiffs for

PRINCIPAL
AND AGENT:
liability of
real estate
agent.

the sale of the lands in controversy. Of this, there can be no reasonable doubt. It is also satisfactorily proven, that by fraudulent concealment of facts, well known to defendant, as to the value of and demand for the lands, as well as by false statements in relation thereto, and of actual sales of other lands in the immediate vicinity, the defendant procured a conveyance of the land to him by the plaintiffs for the consideration of $1,675, while he was negotiating a sale thereof for $3,000, which was completed to another party by or before the time he received his deed. This purchaser from the defendant sold the lands to other parties, within a few months thereafter, for $3,960. But there is no proof that the defendant acted fraudulently in the sale of the land to his vendee; that is, that he sold it for less than its value, with intent thereby to defraud the plaintiffs. And in view of all the evidence, we are not prepared to say that the defendant did not obtain a fair price for the land when sold, as it was, in a body; or, as the witnesses express it, by wholesale.

The court below found the value of the land to be $3,400, and charged the defendant with that sum, and allowed him for the purchase-money paid, and taxes and interest; leaving a balance due the plaintiffs of $1,610.

In our opinion, the correct basis of determining the amount of plaintiff's recovery, where, as in this case, defendant used diligence to and did obtain a fair price on the resale by him, is to charge the defendant with the amount received by him for the land; deduct therefrom the amount paid by him, and charge defendant with the balance, with ten per centum per annum interest to date of judgment. He received ten per cent interest on the deferred payments in the sale made by him, and therefore should be charged with that rate.

As this basis would afford a result not materially different from the judgment of the District Court, that judgment will be permitted to stand. Each party will pay one-half the costs of this appeal.

Affirmed.